UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDLINK HEALTH SOLUTIONS, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>MADDOX DEFENSE, INC., *et al.,*<br><br>         Defendants. | Case No.: 22-cv-1306-AGS-DEB<br><br>**ORDER IMPOSING SANCTIONS ON ATTORNEY SEAN MICHAEL JONES**<br><br>**[DKT. NO. 87]** |

This Order follows a hearing on the Court's Order to Show Cause why attorney Sean Michael Jones should not be sanctioned for: (1) failing to appear at the Court's November 16, 2023 Status Conference; (2) failing to appear at the Court's December 6, 2023 Status Conference; and (3) failing to timely submit a declaration. Dkt. Nos. 87, 90. For the reasons discussed below, the Court orders Jones to pay $526.50 in compensatory sanctions to Plaintiff Medlink Health Solutions, LLC ("Medlink") for his failures to appear at the November 16, 2023 and December 6, 2023 Status Conferences.

**A. Background**

On October 20, 2023, Jones failed to appear at a Court-ordered hearing on a motion to extend scheduling order deadlines. *See* Dkt. No. 62. Upon submission of Jones' declaration (Dkt. No. 64), the Court discharged the first Show Cause order without further action (Dkt. No. 67).

On November 16, 2023, the Court held a Status Conference. Dkt. No. 62. Jones failed to appear at that conference. Dkt. No. 72. The Court issued a Show Cause order requiring Jones to submit a declaration by December 6, 2023, regarding his failure to appear. Dkt. No. 73. Jones did not timely file a declaration.

On November 28, 2023, Jones participated in a half-day Mandatory Settlement Conference ("MSC"). Dkt. No. 85. At no point during the MSC did Jones indicate his unavailability for future hearings.

On December 6, 2023, the Court held a follow-up telephonic Status Conference. *Id.* Jones failed to appear at that conference, his third failure to appear in a seven-week span. Dkt. No. 86. The Court issued an amended Show Cause order requiring Jones to appear at a Show Cause hearing on January 4, 2024, and ordering Jones to file a declaration regarding his failures to appear. Dkt. No. 87. Jones timely filed a declaration (Dkt. No. 88) and appeared at the January 4, 2024 Show Cause hearing (Dkt. No. 90).

In his declaration, Jones offered the following reasons for his failures to appear: (1) his staff failed to calendar the status conferences while he was on paternity leave; (2) his associate attorney unexpectedly left his firm; and (3) he extended his paternity leave because his child was born two weeks later than expected. Dkt. No. 88. Additionally, at the hearing, Jones explained he moved his family's residence shortly after his child's birth. Jones apologized for his non-appearances.

**B. Discussion**

"[M]agistrate judges have the authority to sanction attorneys for failing to appear" at hearings. *Sapan v. SolarMax Tech., Inc.*, No. 15-cv-0897-MMA-MDD, 2015 WL 6128425, at *2 (S.D. Cal. Oct. 16, 2015); *see also* Fed. R. Civ. P. 16(f) (authorizing a court to issue "any just orders . . . if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order"); *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) ("[T]he district court acted within its authority under Rule 16(f) in sanctioning [counsel] for his failure to appear at the settlement conference."); CivLR 83.1(a) (counsel's failure to comply with a court order

2

22-cv-1306-AGS-DEB

"may be grounds for imposition by the court of any and all sanctions . . . within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, [or] imposition of monetary sanctions"). No "bad faith finding" is required. *Sapan*, 2015 WL 6128425, at *3.

The Court finds Jones: (1) failed to appear at the November 16, 2023 Status Conference; (2) failed to appear at the December 6, 2023 Status Conference; and (3) failed to timely file the declaration required by the Court's November 16, 2023 Order to Show Cause. Dkt. No. 73.[1] Although the Court is sympathetic to Jones' personal matters, the Court finds that they neither "substantially justify" Jones' failures nor "make an award of expenses unjust." Fed. R. Civ. P. 16(f). Jones' obligations to make court appearances and meet filing deadlines are his responsibility, not his staff's. *Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 606 (7th Cir. 2021) ("[Counsel] has no one to blame but himself, as attorneys—not their staff— 'are expected to exercise diligence in monitoring the disposition of their cases.'") (citation omitted). The unexpected departure of Jones' associate should have put Jones on heightened notice to personally ensure no court appearances or deadlines were missed. Moreover, if Jones had noticed the Court about any period of unavailability during his paternity leave, the Court would have made every effort to accommodate his schedule. But Jones neither noticed any period of unavailability nor requested to move any of the scheduled hearings. Instead, the Court, counsel, and the remaining parties prepared for and attended hearings that Jones failed to attend. Dkt. Nos. 72–73, 85–86.

The Court, therefore, orders Jones to pay $526.50 in compensatory sanctions to Plaintiff Medlink, representing the attorney's fees Jacob A. Gillick incurred in preparing for and attending the November 16, 2023 and December 6, 2023 Status Conferences for

---

[1] Additionally, counsel for other parties to this case informed the Court during the Status Conferences that Jones was not returning their telephone calls or responding to e-mails, including those related to post-MSC settlement discussions. The Court, however, is not sanctioning Jones for any breakdown in communications with counsel.

which Jones failed to appear. Dkt. No. 89.

The Court has reviewed Gillick's declaration and finds both the hourly rate claimed ($425) and time spent (25 and 45 minutes, respectively) are reasonable. Based on Jones' apologies and expressions of remorse, the Court is not imposing any additional sanctions payable to the Court, including for Jones' failure to timely file a declaration.

**C. Conclusion**

The Court sanctions attorney Sean Michael Jones and orders him to pay $526.50 in compensatory sanctions to Plaintiff Medlink within fourteen (14) days of this Order. Plaintiff's counsel must provide Jones details regarding the proper account to direct that payment within seven (7) days of this Order.

Jones is admonished to closely monitor the Court's docket and communicate promptly with opposing counsel as required by this Court's Local Rules and the Court's orders in this case. CivLR 2.1 (Professionalism), 16.1 (Pretrial Rules). Any subsequent violations of Court orders and/or failures to appear may result in more severe sanctions.

**IT IS SO ORDERED.**

Dated: January 17, 2024

Daniel E. Butcher
United States Magistrate Judge