UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDLINK HEALTH SOLUTIONS, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>MADDOX DEFENSE INC., et al.,<br><br>                              Defendants. | Case No.:  22-cv-1306-BJC-DEB<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

It is well settled that "[a] corporation may appear in federal court only through licensed counsel." *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (citing *Rowland v. California Men's Colony,* 506 U.S. 194, ——, 113 S.Ct. 716, 721 (1993).  Because Plaintiff Medlink Health Solutions, LLC, a corporate entity, is not represented, and has had ample opportunity to retain counsel, the Court **DISMISSES** this case, in its entirety, **WITHOUT PREJUDICE**.

On April 15, 2025, Plaintiff's counsel Jacob Gillick of Gillick Legal, APC ("Gillick") filed an unopposed *ex parte* motion to be relieved as counsel.  ECF No. 135. The Court conducted a hearing on the motion to be relieved on May 8, 2025.  ECF No. 141.  After the hearing, the Court issued an Order instructing Gillick to contact his client and inform it of the pending motion to be relieved.  ECF No. 142.  Plaintiff was instructed

1  to file a response to the Motion, indicating whether it consented to, or opposed, Gillick's
2  withdrawal. *Id.* On May 18, 2025, Jerome Ramsaran, on behalf of Plaintiff, filed a
3  declaration stating that he "consent[ed] to Mr. Gillick and Gillick Legal, APC being
4  relieved as counsel of record in this matter." ECF No. 144 at 2. Mr. Ramsaran also stated
5  that he understood that "Medlink will need to retain new counsel" and he understood that
6  "as a corporate party, Medlink must appear in this action through licensed legal counsel."
7  *Id.*

8  On June 6, 2025, the Court granted Gillick's Motion to be Relieved as Counsel and
9  stayed the matter for 30 days to allow Plaintiff time to retain new counsel. ECF No. 148
10 at 7. In the June 6 Order, the Court ordered Plaintiff to file a notice of appearance for its
11 new counsel on or before July 7, 2025. The Court cautioned Plaintiff that, if it did not file
12 a notice of appearance by that date, "the Court will dismiss Plaintiff's claims for failure to
13 prosecute pursuant to Federal Rule of Civil Procedure 41(b) which permits the involuntary
14 dismissal of a case '[i]f the plaintiff fails to prosecute or to comply with these rules or a
15 court order.'" *Id.* at 8. The Court warned Plaintiff that "[t]he district court has the inherent
16 power to dismiss a case *sua sponte* for lack of prosecution." *Id.* The Court required Gillick
17 to serve the June 6 Order on Plaintiff and file a proof of service on the docket no later than
18 June 9, 2025. ECF No. 148 at 8. Gillick complied and filed the proof of service on the
19 docket on June 8, 2025.

20 The time for Plaintiff to retain new counsel has come and gone. Accordingly, the
21 Clerk of Court is directed to close this matter.

22 **IT IS SO ORDERED**.
23 Dated: July 14, 2025

_____
Honorable Benjamin J. Cheeks
United States District Judge